# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 2, 2013

No. 12-40105
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

REYNA OSORIO MARTINEZ, also known as Reyna Osorio De Vasquez,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:11-CR-444-1

Before REAVLEY, JOLLY and DAVIS, Circuit Judges.

PER CURIAM:[*]

Reyna Osorio Martinez appeals her convictions for conspiracy to possess with intent to distribute more than 50 grams of methamphetamine, possession with intent to distribute more than 50 grams of methamphetamine, conspiracy to import more than 50 grams of methamphetamine, and importation of more than 50 grams of methamphetamine. She was sentenced to 235 months of imprisonment and five years of supervised release on all counts to run concurrently. On appeal, she contends that she did not voluntarily waive her

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

*Miranda*[1] rights and that there is insufficient evidence that she knew that the vehicle she was a passenger in contained a controlled substance. She also contends that 235 months of imprisonment is greater than necessary to satisfy the 18 U.S.C. § 3553(a) factors in light of her advanced age, poor health, lack of criminal history, and rehabilitation efforts and because she did not receive the benefit of a safety-valve or minimal-participant reduction under the Sentencing Guidelines.

The district court did not err by determining that Osorio Martinez voluntarily waived her *Miranda* rights. *See United States v. Montes*, 602 F.3d 381, 384 (5th Cir. 2010); *United States v. Hearn*, 563 F.3d 95, 104 (5th Cir. 2009). The agents involved in questioning Osorio Martinez consistently testified that the form containing the *Miranda* waiver was read in Spanish to her, she indicated that she understood the waiver, she did not appear to be confused about the waiver, she was given an opportunity to review the Spanish-language form containing the waiver, she signed the form, and no one threatened her regarding the form. Although one agent testified inconsistently regarding whether anyone had spoken to him about his testimony, that agent's testimony regarding the voluntariness of the waiver was corroborated by the testimony of the other agents.

Because Osorio Martinez failed to move for a judgment of acquittal at the close of all the evidence, we review the sufficiency of the evidence under the plain error standard to determine whether there has been a manifest miscarriage of justice. *See United States v. Delgado*, 672 F.3d 320, 328-31 & n.9 (5th Cir. 2012) (en banc), *cert. denied*, 2012 WL 1899424 (Oct. 29, 2012) (No. 11-10492. The record is not devoid of evidence that Osorio Martinez knew that the vehicle she was a passenger in contained a controlled substance. *See id.* at 331. The recently purchased vehicle contained a high value of narcotics hidden

---

[1] *Miranda v. Arizona*, 384 U.S. 436 (1966).

in a false compartment.  She told agents that the vehicle belonged to her son-in-law, but the vehicle was not registered in her son-in-law's name, and she admitted to the driver of the vehicle that she fabricated that story.  She told agents that she had known the driver, through the driver's mother, for several years, but the driver denied that Osorio Martinez had previously known her or her mother.  The driver's testimony was substantiated by Osorio Martinez's inability to identify the driver's mother from a photograph.  Immigration records revealed that Osorio Martinez had entered the United States in the same vehicle three times before.  Osorio Martinez had been driven in this vehicle by a person who was later arrested for bringing methamphetamine into the United States.  During the prior trips, Osorio Martinez maintained close contact with the person directing her and the driver's activities, she relinquished possession of the vehicle for extended periods of time, and she did not spend any or much time with her family, the stated purpose of the trips.

We review the substantive reasonableness of a sentence for abuse of discretion.  *Gall v. United States*, 552 U.S. 38, 51 (2007).  The district court imposed a within-guidelines sentence of 235 months of imprisonment based on the seriousness of the offense and the extent of Osorio Martinez's participation in the offense.  The district court reviewed the evidence presented at trial and rejected as incredible and implausible Osorio Martinez's protestations of innocence.  The district court was aware of the mitigating factors pointed to by Osorio Martinez but gave more weight to the seriousness of the offense and her role in it.  Osorio Martinez has not demonstrated that the district court failed to give the proper weight to any particular § 3553(a) factor or that her sentence "represents a clear error of judgment in balancing sentencing factors."  *United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009).  Therefore, she has failed to rebut the presumption of reasonableness that we accord to her within-guidelines sentence.  *See id.*

The judgment of the district court is AFFIRMED.